FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 14, 2019

SEAN F. McAVOY, CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ANTHONY F.,[1]<br>         Plaintiff,<br><br>  vs.<br><br>COMMISSIONER OF SOCIAL<br>SECURITY,<br>         Defendant. | No. 4:18-cv-05093-MKD<br><br>ORDER GRANTING PLAINTIFF'S<br>MOTION FOR SUMMARY<br>JUDGMENT AND DENYING<br>DEFENDANT'S MOTION FOR<br>SUMMARY JUDGMENT<br><br>ECF Nos. 15, 19 |

Before the Court are the parties' cross-motions for summary judgment. ECF Nos. 15, 19. The parties consented to proceed before a magistrate judge. ECF No. 7. The Court, having reviewed the administrative record and the parties' briefing, is fully informed. For the reasons discussed below, the Court grants Plaintiff's Motion, ECF No. 15, and denies Defendant's Motion, ECF No. 19.

---

[1] To protect the privacy of plaintiffs in social security cases, the undersigned identifies them only by their first names and the initial of their last names.

ORDER - 1

## JURISDICTION

The Court has jurisdiction over this case pursuant to 42 U.S.C. §§ 405(g); 1383(c)(3).

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id*. (quotation and citation omitted). In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id*.

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue,* 674

F.3d 1104, 1111 (9th Cir. 2012).  Further, a district court "may not reverse an

ALJ's decision on account of an error that is harmless."  *Id*.  An error is harmless

"where it is inconsequential to the [ALJ's] ultimate nondisability determination."

*Id*. at 1115 (quotation and citation omitted).  The party appealing the ALJ's

decision generally bears the burden of establishing that it was harmed.  *Shinseki v.

Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE-STEP EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within

the meaning of the Social Security Act.  First, the claimant must be "unable to

engage in any substantial gainful activity by reason of any medically determinable

physical or mental impairment which can be expected to result in death or which

has lasted or can be expected to last for a continuous period of not less than twelve

months."  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  Second, the claimant's

impairment must be "of such severity that he is not only unable to do his previous

work[,] but cannot, considering his age, education, and work experience, engage in

any other kind of substantial gainful work which exists in the national economy."

42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to

determine whether a claimant satisfies the above criteria.  *See* 20 C.F.R. §§

404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v).  At step one, the Commissioner

ORDER - 3

considers the claimant's work activity.  20 C.F.R. §§ 404.1520(a)(4)(i),

416.920(a)(4)(i).  If the claimant is engaged in "substantial gainful activity," the

Commissioner must find that the claimant is not disabled.  20 C.F.R. §§

404.1520(b), 416.920(b).

If the claimant is not engaged in substantial gainful activity, the analysis

proceeds to step two.  At this step, the Commissioner considers the severity of the

claimant's impairment.  20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  If the

claimant suffers from "any impairment or combination of impairments which

significantly limits [his or her] physical or mental ability to do basic work

activities," the analysis proceeds to step three.  20 C.F.R. §§ 404.1520(c),

416.920(c).  If the claimant's impairment does not satisfy this severity threshold,

however, the Commissioner must find that the claimant is not disabled.  20 C.F.R.

§§ 404.1520(c), 416.920(c).

At step three, the Commissioner compares the claimant's impairment to

severe impairments recognized by the Commissioner to be so severe as to preclude

a person from engaging in substantial gainful activity.  20 C.F.R. §§

404.1520(a)(4)(iii), 416.920(a)(4)(iii).  If the impairment is as severe or more

severe than one of the enumerated impairments, the Commissioner must find the

claimant disabled and award benefits.  20 C.F.R. §§ 404.1520(d), 416.920(d).

1    If the severity of the claimant's impairment does not meet or exceed the

2    severity of the enumerated impairments, the Commissioner must pause to assess

3    the claimant's "residual functional capacity."  Residual functional capacity (RFC),

4    defined generally as the claimant's ability to perform physical and mental work

5    activities on a sustained basis despite his or her limitations, 20 C.F.R. §§

6    404.1545(a)(1), 416.945(a)(1), is relevant to both the fourth and fifth steps of the

7    analysis.

8    At step four, the Commissioner considers whether, in view of the claimant's

9    RFC, the claimant is capable of performing work that he or she has performed in

10   the past (past relevant work).  20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

11   If the claimant is capable of performing past relevant work, the Commissioner

12   must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(f), 416.920(f).

13   If the claimant is incapable of performing such work, the analysis proceeds to step

14   five.

15   At step five, the Commissioner considers whether, in view of the claimant's

16   RFC, the claimant is capable of performing other work in the national economy.

17   20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).  In making this determination,

18   the Commissioner must also consider vocational factors such as the claimant's age,

19   education, and past work experience.  20 C.F.R. §§ 404.1520(a)(4)(v),

20   416.920(a)(4)(v).  If the claimant is capable of adjusting to other work, the

ORDER - 5

Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1). If the claimant is not capable of adjusting to other work, analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that 1) the claimant is capable of performing other work; and 2) such work "exists in significant numbers in the national economy." 20 C.F.R. §§ 404.1560(c)(2), 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

### ALJ'S FINDINGS

On March 10, 2014, Plaintiff protectively filed applications for Title II disability insurance benefits and Title XVI supplemental security income benefits, alleging a disability onset date of October 6, 2000. Tr. 213-22. The applications were denied initially, Tr. 125-31, and on reconsideration, Tr. 134-43. Plaintiff appeared at a hearing before an administrative law judge (ALJ) on August 29, 2016. Tr. 34-73. On March 23, 2017, the ALJ denied Plaintiff's claims. Tr. 13-31.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since his alleged onset date of October 6, 2000. Tr. 18. At step two, the

ALJ found Plaintiff had the following severe impairments: attention hyperactivity disorder (ADHD), depressive disorder, anxiety disorder, and thoracic spine arthritis.[2]  Tr. 18.  At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of a listed impairment.  Tr. 19.  The ALJ then concluded that Plaintiff had the RFC to perform light work with the following limitations:

> [Plaintiff] is capable of engaging in unskilled, repetitive, routine tasks in two-hour increments; he is limited to occasional stooping, squatting, crouching, crawling, kneeling, and climbing ramps and stairs; he is limited to no climbing ropes, ladders, or scaffolds; he is limited to incidental superficial contact with the public; he is capable of working in proximity to but not in coordination with coworkers; he is limited to occasional contact with supervisors; he would have unscheduled absences up to 5 per year; and he would be off task at work up to 10% of the time but still meeting the minimum production requirements of the job.

Tr. 20.

At step four, the ALJ found Plaintiff has no past relevant work.  Tr. 25.  At step five, the ALJ found that, considering Plaintiff's age, education, work experience, RFC, and testimony from a vocational expert, there were other jobs that existed in significant numbers in the national economy that Plaintiff could perform, such as small products assembler, production assembler, bottle packer,

---

[2] The ALJ found personality disorder, panic disorder, and posttraumatic stress disorder were non-severe impairments.  Tr. 18-19.

ORDER - 7

and cleaner housekeeper.  Tr. 26.  The ALJ concluded Plaintiff was not under a disability, as defined in the Social Security Act, from October 6, 2000, the alleged onset date, through the date of the ALJ's decision.  Tr. 26.

On March 27, 2018, the Appeals Council denied review, Tr. 1-6, making the ALJ's decision the Commissioner's final decision for purposes of judicial review. *See* 42 U.S.C. § 1383(c)(3).

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying him disability income benefits under Title II and supplemental security income benefits under Title XVI of the Social Security Act.  Plaintiff raises the following issues for review:

1.  Whether the ALJ properly evaluated the medical opinion evidence; and

2.  Whether the ALJ properly evaluated Plaintiff's symptom claims. ECF No. 15 at 1.

## DISCUSSION

**A.     Medical Opinion Evidence**

Plaintiff challenges the ALJ's evaluation of the medical opinion of psychologist Nora Marks, Ph.D.  ECF No. 15 at 14-19.

There are three types of physicians: "(1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant

ORDER - 8

(examining physicians); and (3) those who neither examine nor treat the claimant [but who review the claimant's file] (nonexamining [or reviewing] physicians)." *Holohan v. Massanari*, 246 F.3d 1195, 1201-02 (9th Cir. 2001) (citations omitted). Generally, a treating physician's opinion carries more weight than an examining physician's opinion, and an examining physician's opinion carries more weight than a reviewing physician's opinion. *Id.* at 1202. "In addition, the regulations give more weight to opinions that are explained than to those that are not, and to the opinions of specialists concerning matters relating to their specialty over that of nonspecialists." *Id.* (citations omitted).

If a treating or examining physician's opinion is uncontradicted, the ALJ may reject it only by offering "clear and convincing reasons that are supported by substantial evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). "However, the ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2011) (internal quotation marks and brackets omitted). "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Bayliss*, 427 F.3d at 1216 (citing *Lester v. Chater*, 81 F.3d 821, 830–31 (9th Cir. 1995)). The opinion of a nonexamining physician may

serve as substantial evidence if it is supported by other independent evidence in the record. *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995).

On April 11, 2014, Dr. Marks completed a psychological evaluation of Plaintiff at the request of the Washington State Department of Social and Health Services (DSHS). Tr. 342-46. She diagnosed Plaintiff with attention deficit hyperactivity disorder – combined type; post-traumatic stress disorder, secondary to childhood abuse, moderate and likely amenable to treatment; rule out substance abuse; and personality disorders with antisocial features. Tr. 343. Dr. Marks opined:

> [Plaintiff] demonstrates anti-social features including irritability, lack of tolerance, difficulty with authority figures, legal involvement, and some juvenile acting out. He has difficulty being around others and accepting authority figures. These factors have made it difficult for him to get a job and will likely continue to do so.

Tr. 343. She assessed Plaintiff had a severe limitation in his ability to set realistic goals and plan independently. Tr. 344. She assessed Plaintiff had marked limitations in his ability to: (i) perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances without special supervision; (ii) ask simple questions or request assistance; (iii) communicate and perform effectively in a work setting; (iv) complete a normal work day and work week without interruptions from psychologically based symptoms; and (v) maintain appropriate behavior in a work. Tr. 344. She opined Plaintiff would

remain impaired in excess of 12 months with treatment, which she recommended should include a chemical dependency evaluation to rule out drug abuse/addiction as "contributing to his irritability, antisocial behaviors, and difficulty getting along with others"; psychotherapy "to assist him in moving beyond his difficulty in getting along with others"; and medication to possibly "improve focus and impact negativity which may also be attributable to depressive symptoms." Tr. 344.

The ALJ gave "reduced weight" to Dr. Marks' mental evaluation. Tr. 23. Because Dr. Marks' opinion was contradicted by the state agency psychological consultants John Gilbert, Ph.D., Tr. 84-86, and Eugene Kester, M.D., Tr. 107-09, 120-22, the ALJ was required to provide specific and legitimate reasons for rejecting Dr. Marks' opinion.[3] *Bayliss*, 427 F.3d at 1216.

---

[3] Consistent with Dr. Marks, Dr. Gilbert and Dr. Kester opined Plaintiff has social interaction limitations. For example, Dr. Gilbert opined Plaintiff is markedly limited in his ability to interact appropriately with the general public, but only moderately limited in his ability to accept instructions, to respond appropriately to criticism from supervisors, and to maintain socially appropriate behavior. Tr. 85. Contrary to Dr. Marks, Dr. Gilbert and Dr. Kester opined Plaintiff is not significantly limited in his ability to set goals or make plans independently of others, complete a normal workday and workweek without interruptions from

First, the ALJ assigned little weight to Dr. Marks' opinion because "she reviewed no records." Tr. 23. The extent to which a medical source is "familiar with the other information in [the claimant's] case record" is relevant in assessing the weight of that source's medical opinion. *See* 20 C.F.R. §§ 404.1527(c)(6), 416.927(c)(6). Here, Dr. Marks' opinion is the only examining psychologist's opinion of record. There are no mental health treatment records from the alleged date of onset to the time of Dr. Marks' April 2014 opinion. Plaintiff did not begin mental health treatment until September 10, 2014. Tr. 379-80. Accordingly, Dr. Marks, Dr. Gilbert and Dr. Kester did not have the benefit of the mental health treatment records. The only additional psychological record reviewed by Dr. Gilbert and Dr. Kester was the record review performed by R. Renee Eisenhauer, Ph.D. Tr. 353-57. However, Dr. Marks had the additional benefit of personally examining Plaintiff. Accordingly, the fact Dr. Marks reviewed no additional records was not a specific and legitimate reason to give her examining opinion less weight, in favor of the non-examining, non-treating state agency reviewing doctors.

---

psychologically based symptoms, to work in coordination with or proximity to others, or to perform within a schedule and maintain regular attendance. Tr. 85-86, 108-09.

Second, the ALJ found Dr. Marks' opinion was based on a "one-time brief examination, not for the purpose of treatment." Tr. 23. The number of visits a claimant has made to a particular provider is a relevant factor in assigning weight to an opinion. 20 C.F.R. § 416.927(c). However, the fact that Dr. Marks examined Plaintiff one time is not a legally sufficient basis for rejecting the opinion, given that the ALJ credited the opinion of nonexamining psychologists who did not evaluate Plaintiff. The regulations direct that all opinions, including the opinions of examining providers, should be considered. 20 C.F.R. § 416.927(b), (c). In addition, "[t]he purpose for which medical reports are obtained does not provide a legitimate basis for rejecting them." *Lester*, 81 F.3d at 832 (citing *Ratto v. Sec'y, Dept. of Health and Human Servs.,* 839 F. Supp. 1415, 1426 (D. Or. 1993)).

Third, the ALJ found that Dr. Marks "based her opinion in part upon suspicion that the claimant may be a drug user, which is not supported by the record." Tr. 23. This finding is speculative and not factually supported by the record. Dr. Marks opined that Plaintiff's impairments were *not* primarily the result of alcohol or drug use. Tr. 344. Dr. Marks' opinion further noted that Plaintiff had denied substance use and chemical dependency, but he had broken into a pharmacy in an effort to obtain drugs, which he denied were for his own use. Tr. 343. Dr. Marks' did not diagnose chemical dependency or substance abuse, but rather, as a precaution, recommended that Plaintiff undergo a chemical dependency evaluation

to rule it out as a contributing factor to his mental health impairments. This was not a specific and legitimate reason to reject Dr. Marks' opinion.

Fourth, the ALJ rejected Dr. Marks' opinion citing that "she does not provide an explanation for the marked and severe limitations." Tr. 23-24. The Social Security regulations "give more weight to opinions that are explained than to those that are not." *Holohan*, 246 F.3d at 1202. "[T]he ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory and inadequately supported by clinical findings." *Bray*, 554 F.3d at 1228.

Dr. Marks' performed psychological testing, including a clinical interview and mental status examination. *See Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017) (clinical interviews and mental status examinations "are objective measures"). Her report included an extensive narrative explanation of the results of the evaluation. Tr. 342-46. For example, Dr. Marks noted Plaintiff described having "a severe personality disorder involving extreme difficulties with authority figures," "chronic irritability" and "difficulty trusting others." Tr. 342. Dr. Marks stated the Trail Making Test results suggested Plaintiff possibly had ADHD affecting his ability to focus, pay attention, and think before he acts. Tr. 343. On the Impact of Event Scale, Dr. Marks reported Plaintiff endorsed "all items that they either affect him quite a bit or extremely," suggesting that Plaintiff is still

affected by his childhood abuse.  Tr. 343.  Dr. Marks stated this "might account for

some of his difficulty in getting along with others or authority figures."  Tr. 343.

Dr. Marks made clinical findings explaining the symptoms and severity of

Plaintiff's personality disorder, impulsivity and poor attention, and how these

factors have "made it difficult" and affected his ability to work and "will likely

continue to do so."  Tr. 343.  The mental status exam revealed Plaintiff's mood

was "somewhat edgy and irritable," his attitude "somewhat expansive," and his

behavior hyperactive.  Tr. 346.  Plaintiff's performance on memory tests was

"mixed" and indicated he has "difficulty with executive functioning as well as

concentration and impulsivity."  Tr. 345.  Finally, Dr. Marks' examination

revealed Plaintiff had inadequate insight into his own behavior to fully understand

the basis for his difficulty getting along with others and dealing with authority

figures.  Tr. 345.

Here, the ALJ suggests Dr. Marks' opinion is inadequately supported by her

evaluation yet makes no effort to relate the specific medical findings to the

limitations the ALJ rejects.  An ALJ cannot reject a physician's opinion in a vague

or conclusory manner.  *See Garrison v. Colvin*, 759 F.3d 995, 1012-13 (9th Cir.

2014) (*citing Nguyen v. Chater*, 100 F.3d 1462, 1464 (9th Cir. 1996).  Considering

the ALJ's conclusory statement and Dr. Marks' objective testing and narrative, the

Court finds this reason is not sufficiently specific nor supported by substantial evidence in the record.

Fifth, the ALJ found that Plaintiff had "remained quite active despite his alleged anxiety including traveling to Hawaii, New Mexico and California as well as coaching wrestling." Tr. 24. An ALJ may discount a medical source opinion to the extent it conflicts with the claimant's daily activities. *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 541, 601-02 (9th Cir. 1999). The ALJ did not explain how Plaintiff's level of activity is inconsistent with the number of clinical findings made by Dr. Marks and the marked and severe limitations in a work setting she opined. Accordingly, that Plaintiff "remained quite active" does not adequately articulate a specific and legitimate reason to reject Dr. Marks' opinion.

Finally, the ALJ found Dr. Marks' opinion "inconsistent with treatment notes, which show mostly stable mental health with medication." Tr. 24. The effectiveness of treatment is a relevant factor in determining the severity of a claimant's symptoms. 20 C.F.R. § 404.1529(c)(3); *see Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006); *Tommasetti v. Astrue*, 533 F.3d 1035, 1040 (9th Cir. 2008) (a favorable response to treatment can undermine a claimant's complaints of debilitating pain or other severe limitations). The treatment record in this matter is limited. The administrative record does not contain any psychological opinion evidence from a treating source. Plaintiff was

medically discharged from the Air Force in October 2000, after nine years of service, when he had a conflict with his commander and was sent to a psychiatrist. Tr. 57-59. The record does not contain any Air Force treatment records. The earliest mental health treatment record in the administrative record is from September 10, 2014, after Dr. Marks, Dr. Gilbert, and Dr. Kester had rendered their opinions.[4] Tr. 380. Here, the ALJ did not order a consultative evaluation or seek medical expert testimony to clarify the nature and severity of Plaintiff's mental conditions or explain which impairments would cause which symptoms alleged. Without a more thorough discussion of the record and clear explanation of any inconsistency, the treatment notes cited by the ALJ did not provide a specific and legitimate reason to discount Dr. Marks' opinion. Given that the treatment records were developed after the medical opinions were rendered, the Court finds that on remand the record should be further developed through a consultative examination or the testimony of a medical expert.

The Court concludes the ALJ did not provide specific and legitimate reasons to reject Dr. Marks' opinion in favor of the state agency reviewing physicians.

---

[4] On July 21, 2014, Lourdes Counseling Center therapist Sallie McCallum conducted an assessment to determine Plaintiff's eligibility for access to care. Tr. 412. Plaintiff began treatment in September 2014.

Remand is necessary to re-evaluate the medical evidence and develop the record further with expert testimony, especially with respect to Plaintiff's ability to respond appropriately to and tolerate the normal pressures and expectations of normal work settings.

## B. Other Challenges

Plaintiff also challenges to the ALJ's evaluation of Plaintiff's symptom claims. ECF No. 15 at 8-14. The ALJ's evaluation of Plaintiff's symptom claims and the resulting limitations relies substantially on the ALJ's assessment of the medical evidence. Having determined a remand is necessary to readdress the medical evidence and develop the record, any reevaluation must necessarily entail a reassessment of Plaintiff's subjective symptom claims. Thus, the Court need not reach this issue and on remand the ALJ must also carefully reevaluate Plaintiff's symptom claims in the context of the entire record. *See Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012) ("Because we remand the case to the ALJ for the reasons stated, we decline to reach [plaintiff's] alternative ground for remand.").

## C. Remedy

Plaintiff urges this Court to remand for an immediate award of benefits. ECF No. 15 at 20.

"The decision whether to remand a case for additional evidence, or simply to award benefits is within the discretion of the court." *Sprague v. Bowen*, 812 F.2d

1226, 1232 (9th Cir. 1987) (citing *Stone v. Heckler*, 761 F.2d 530, 533 (9th Cir. 1985)).  When the Court reverses an ALJ's decision for error, the Court "ordinarily must remand to the agency for further proceedings."  *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017); *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) ("[T]he proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation"); *Treichler v. Comm'r of Soc. Sec.*, 775 F.3d 1090, 1099 (9th Cir. 2014).  However, in a number of Social Security cases, the Ninth Circuit has "stated or implied that it would be an abuse of discretion for a district court not to remand for an award of benefits" when three conditions are met.  *Garrison*, 759 F.3d at 1020 (citations omitted).  Under the credit-as-true rule, where (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand, the Court will remand for an award of benefits.  *Revels v. Berryhill*, 874 F.3d 648, 668 (9th Cir. 2017).  Even where the three prongs have been satisfied, the Court will not remand for immediate payment of benefits if "the record as a

whole creates serious doubt that a claimant is, in fact, disabled." *Garrison*, 759

F.3d at 1021.

Here, further proceedings are necessary. The record as a whole raises

doubts as to whether Plaintiff is disabled within the meaning of the Social Security

Act. *See Treichler,* 775 F.3d at 1107. Moreover, all of Plaintiff's psychological

treatment occurred after Dr. Marks, Dr. Gilbert, and Dr. Kester rendered their

opinions. Remand for further consideration of the evidence is necessary to provide

the ALJ an opportunity for a fuller explanation of the findings, with the benefit of

additional opinion evidence obtained from a consultative psychological

examination and/or testifying psychological expert. Further proceedings will

enable the ALJ to resolve ambiguities in the medical evidence regarding Plaintiff's

diagnoses and severity of his symptoms. The Social Security Administration

recognizes "the ability to accept instruction and respond appropriately to criticism

from supervisors" as a mental ability needed for any job and a "critical" ability for

performing unskilled work. POMS § DI 25020.010(B)(2)(c), (3)(k).

After considering the additional evidence, the ALJ should perform the

sequential analysis anew including consideration of whether Plaintiff has

additional severe psychological impairments at step two and the extent to which

Plaintiff is limited in his ability to respond appropriately to supervision in a work

setting.

ORDER - 20

**CONCLUSION**

Having reviewed the record and the ALJ's findings, this court concludes the ALJ's decision is not supported by substantial evidence and free of harmful legal error.  Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Summary Judgment, **ECF No. 15**, is **GRANTED**.

2. Defendant's Motion for Summary Judgment, **ECF No. 19**, is **DENIED**.

3. The Court enter **JUDGMENT** in favor of Plaintiff REVERSING and REMANDING the matter to the Commissioner of Social Security for further proceedings consistent with this recommendation pursuant to sentence four of 42 U.S.C. § 405(g).

The District Court Executive is directed to file this Order, provide copies to counsel, and **CLOSE THE FILE.**

DATED June 14, 2019.

_s/Mary K. Dimke_
MARY K. DIMKE
UNITED STATES MAGISTRATE JUDGE